UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                              **ORDER**
                                                                                 10-CR-346S

JOHN M. FEGER,

                    Defendant.

1.      During a routine parole search on June 14, 2010, Parole Officer Michelle Pietroboni discovered a .22 caliber rifle behind a basement door and several rounds of ammunition in the home of Defendant, John M. Feger. After trial, a jury found him guilty of a one-count Indictment charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Presently before this Court is Defendant's motion to stay his sentence pending appeal. Defendant asks this Court to stay imposition of his sentence of imprisonment of 12 months and one day while he appeals his sentence. For the reasons discussed below, Defendant's motion is denied.

2.      Feger filed his motion on June 5, 2012. (Docket No. 79.) The Government filed its opposition on June 25, 2012. (Docket No. 85.) Defendant then replied by personal mail.[1]

3.      Feger primarily contends that his sentence should be stayed pursuant to 18

---

[1] This Court received Defendant's timely reply by personal mail on July 2, 2012. Defendant's submission contains a letter written by his attorney, Kimberly Schechter, in which she comments on withdrawing as counsel, pursuant to his request. Defendant also includes a letter laying out his reasons for why he believes his motion should be granted. Finally, Defendant references his new counsel. As this case is being appealed, this Court will assume Defendant refers to his appellate counsel. In any case, this Court concludes that the briefings it has before it are sufficient to render a decision on Defendant's motion.

1

U.S.C. § 3143(b). That statute provides that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained," unless the court finds that:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community, if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant urges that, in light of this Court's decision to release him and permit voluntary surrender, it has already implicitly determined that he is not likely to flee or pose a danger to the safety of any other person or the community. Further, Defendant reiterates the reasons advanced in his Rule 29 motion in support of his contention that this case does involve substantial questions of law or fact likely to result in reversal or an order for a new trial.

4. The Government opposes Feger's motion on the basis of 18 U.S.C. § 3143(b)(1) and (2). Pursuant to those provisions, detention shall be ordered for any individual who has been found guilty of an offense under 18 U.S.C. § 3142(f)(1)(A)-(C). Section 3142(f)(1)(A), in turn, includes, under its listed offenses, "a crime of violence." The Government argues that because being a convicted felon in possession of a firearm

2

constitutes a crime of violence, Defendant's detention is mandatory.

5.	It is well established that "possession of a firearm by a convicted felon constitutes a 'crime of violence.'" United States v. Hill, 97 Fed. App'x 350, 351 (2d Cir. 2004); see also United States v. Dillard, 214 F.3d 88, 97 (2d Cir. 2000). As the Second Circuit in Dillard observed, "[p]ossession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence." 214 F.3d at 93. That court further noted that:

> The dangerousness of guns and their adaptability to use in violent crime is why Congress has prohibited their possession by convicted felons . . . . The prohibition of gun possession by previously convicted criminals seeks to protect society by reducing the risk of violence that may result from the possession of guns by persons inclined to crime. By possessing guns in violation of that law, previously convicted criminals increase the risk that they may engage in violent acts.

Id.

6.	Notwithstanding mandatory detention under 18 U.S.C. § 3143(b)(2), release pending appeal is permitted by 18 U.S.C. § 3145(c).[2] The standard for such a release, however, is demanding: a defendant must first meet the requirements of 18 U.S.C. § 3143(b)(1) and then must clearly "show[] that there are exceptional reasons why [his]

---

[2]The Government suggests that 18 U.S.C. §3145(c) can only be applied by way of appeal; and the text of that statute does imply that the power to grant such relief is reserved for the appellate courts. But, "[t]he Court of Appeals for the Second Circuit has assumed that 18 U.S.C. § 3145(c) applies equally to district and appellate courts." United States v. Dimattina, No. 11-CR-705, 2012 WL 1131574, at *13 (E.D.N.Y. Mar. 30, 2012) (citing DiSomma, 951 F.2d at 496). Under this authority, this Court will adjudicate Defendant's petition under § 3145(c). See id. at 15 (noting that the weight of authority is in favor of such a finding); but see United States v. Smith, 593 F .Supp. 2d 948, 955-58 (E.D.Ky. 2009) (appellate courts alone are authorized to address "exceptional reasons" under § 3145(c)); United States v. Chen, 257 F. Supp. 2d 656, 657-65 (S.D.N.Y .2003) (same).

detention would not be appropriate." See United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991).

Feger cannot meet this standard. This case presents no "unusual legal or factual question," and it is without "remarkable and uncommon factors," see United States v. Bonczek, No. 08 Cr. 361 (PAC), 2009 WL 2924220, at *3 (S.D.N.Y. Sep. 8, 2009) (quoting DiSomma, 951 F.2d at 497), Feger's request to stay execution of his sentence, therefore, must be denied.

* * *

IT HEREBY IS ORDERED, that Defendant's [79] Motion to Stay Sentence Pending Appeal is DENIED.

SO ORDERED.

Date: July 25, 2012
 Buffalo, NY

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    Chief Judge
    United States District Court